IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10063
Summary Calendar
_____


DAMON DOWNS,

                              Plaintiff-Appellant,

v.


LESLIE WAGES, Captain, TDCJ
Clements Unit,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(2:94 CV 131)
_____

July 3, 1995

Before KING, JOLLY, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

    Damon Downs appeals from the district court's dismissal of his
in forma pauperis 42 U.S.C. § 1983 action on "frivolous" grounds.
Having reviewed the arguments, we affirm the judgment of the
district court.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

_____

[*]Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Downs sent the Texas Department of Criminal Justice - Institutional Division (TDCJ) a counterfeit order purporting to grant him a writ of habeas corpus and bearing the forged signature of Judge Norman Black. The TDCJ discovered the forgery and initiated a disciplinary action against Downs. Downs received notice identifying his offense as an attempted escape, and the notice alleged that Downs "did attempt to escape from the custody of TDCJ-ID by forging an order from U.S. District Judge Norman Black granting habeas corpus relief." Downs was given 24-hours notice of the disciplinary hearing, at which he presented oral and documentary evidence. He denied attempting to escape, but he confessed to the forgery.[1]

The hearing officer determined that an escape charge was inappropriate, but the officer found that Downs had pleaded guilty to the state law felony of forgery. Because of this forgery offense, the TDCJ assessed punishment involving the forfeiture of more than five years of good time and the imposition of administrative restrictions. Subsequently, Downs sued the hearing officer and the director of the TDCJ. He claimed a deprivation of due process because he did not have notice that he would be charged with forgery. Such a lack of notice allegedly violated the requirements of Wolff v. McDonnell, 418 U.S. 539 (1974), as well as

---

[1] As Downs stated, "I denied the escape charge and admitted that, at most, I was guilty of conspiring with other individuals to have a forged court order mailed to the TDCJ-ID . . . . "

2

the TDCJ's own rules.[2]  The magistrate judge denied relief, finding that "[t]he notice Plaintiff received gave him both notice of escape and forgery because it alleged that Plaintiff had attempted to escape by forging Judge Black's signature to an order."  Downs appeals from this determination.

## II.  STANDARD OF REVIEW

Dismissal of an in forma pauperis complaint is appropriate if the district court determines that it is frivolous, i.e., that "it lacks an arguable basis in either law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A complaint is legally frivolous under 28 U.S.C. § 1915(d)[3] if it is premised on an "indisputably meritless legal theory."  Id. at 327.  We review a district court's § 1915(d) dismissal using an abuse of discretion standard.  Denton v. Hernandez, 112 S. Ct. 1728, 1734 (1992).

## III.  ANALYSIS AND DISCUSSION

### A.  Wolff v. McDonnell

Downs asserts that he did not have notice that he would be charged with forgery until his disciplinary hearing was in

---

[2]  Downs also argued that TDCJ's failure to restore his good-time credit denied him equal protection and served as an ex post facto law.  On appeal, however, he raises no issues regarding the prison's failure to restore good-time credits; thus, we treat these issues as abandoned.  See, e.g., Hobbs v. Blackburn, 752 F.2d 1079, 1083 (5th Cir. 1985) ("[T]hese matters have not been cited as error on appeal and have not been briefed. In accordance with a long-standing rule in this circuit, these issues are deemed abandoned.").

[3]  The statute provides that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  28 U.S.C. § 1915(d).

progress. He argues that this violated his right to 24-hours notice as prescribed in Wolff. As the magistrate judge's opinion explained:

> Although he [Downs] admits that he received twenty-four hours notice of the hearing, he alleges that he should have been given a second twenty-four hour notice because the notice charged him with "escape" and did not specifically charge him with "forgery." Since he admitted to the charge of forgery and the escape charge was dismissed, he claims that he was entitled to an additional twenty-four hours notice after the escape charge was dismissed and the charge changed to "forgery."

In Wolff v. McDonnell, 418 U.S. 539 (1974), the Supreme Court set forth three requirements for significant prison disciplinary proceedings. Unless security risks would be created, the prisoner must receive 1) written notice of the charges against him at least 24 hours before the hearing; 2) a written statement of the fact-finder as to the evidence relied upon and the reasons for the disciplinary action; and 3) the opportunity to call witnesses and to present evidence in his defense. See id. at 563-66. Downs's challenge focuses on the first procedural safeguard -- because his listed offense was escape and he was eventually punished for forgery, he argues that an additional 24-hours notice of the "new" forgery charge was required.

We decline to credit such a technical manipulation of the due process requirements expressed in Wolff. As the Supreme Court explained, "[w]e hold that written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. By describing the offense as attempted

4

escape by the forgery of Judge Black's signature, we believe that the notice received by Downs alerted him to the potential for inquiry into the forgery and to possible discipline for the forgery conduct. At the very least, the language of the notice provided Downs with all of the information that he needed to prepare a defense -- no "surprise charges" were invoked, and Downs admitted his guilt of the forgery. Simply put, the notice accomplished the dual purposes expressed by the Wolff Court, and we conclude that the district court did not abuse its discretion in finding that the notice was constitutionally adequate.[4]

## B. TDCJ Regulations

Downs also asserts that a TDCJ regulation requires a more elaborate notice than that prescribed in Wolff. According to Downs, the prison's failure to provide that notice deprived him of a protected liberty interest and consequently violated his due process rights.

Under certain circumstances, it is true that state regulations may create liberty interests that are protected by the Due Process Clause. See, e.g., Sandin v. Conner, No. 93-1911, 1995 WL 360217,

---

[4] As mentioned, the magistrate judge did state that Downs's notice alerted him to both the escape and the forgery offenses. In the alternative, the magistrate judge also noted that Downs's forgery guilty plea "moot[ed] the issue associated with respect to the propriety of the notice given to him," and the court cited an Eighth Circuit opinion in support of this proposition. In the Fifth Circuit, however, we have stated that a prisoner's "admission that he pleaded guilty at [a] disciplinary hearing cannot constitute a waiver of his due process claim." Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994). Because this was only an alternative rationale, the magistrate judge's error on this point does not alter our conclusion that there was no abuse of discretion.

5

at *7 (U.S. June 19, 1995). Nevertheless, "where a liberty or property interest is infringed, the process which is due under the United States Constitution is that measured by the [D]ue [P]rocess [C]lause, not that called for by state regulations." <u>Giovanni v. Lynn</u>, 48 F.3d 908, 912 (5th Cir. 1995). As we stated in <u>Giovanni</u>:

> Mere failure to accord the procedural protections called for by state law or regulation does not of itself amount to a denial of due process. Thus, in <u>Jackson v. Cain</u>, 864 F.2d 1235 (5th Cir. 1989), a prisoner-plaintiff alleged "that a constitutional violation occurred because he was not accorded the level of process provided for in the DOC handbook." We stated: "This argument must fail. A state's failure to follow its own procedural regulations does not establish a violation of due process, because `constitutional minima may nevertheless have been met.'"

<u>Id.</u> at 912-13 (citations omitted). Thus, assuming arguendo that a liberty interest was created by the TDCJ regulations, the only necessary procedural safeguards are those required by <u>Wolff</u>. Because we conclude that Downs's notice adequately alerted him to potential inquiries about the forgery and to possible discipline for the forgery, the notice fulfilled all of the <u>Wolff</u> requirements and afforded Downs all of the process he was due under the United States Constitution.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

6